IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 23-00331-JB-B |
| | ) |
| EAVES CONSTRUCTION COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 25), Plaintiff's response in opposition (Doc. 28) and Defendant's reply (Doc. 29). A hearing was held on May 6, 2024, and the Court has reviewed the motion and relevant briefs filed in relation to motion. For the reasons discussed below, Defendant's motion (Doc. 25) is **DENIED.**

I.     **Factual and Procedural Background**

On August 30, 2023, Plaintiff, a Black male, filed the instant action against Eaves Construction Company ("Defendant") alleging he was retaliated against in violation of Title VII (Count I) and 42 U.S.C. § 1981 (Count II). (Doc. 1, generally). More specifically, Plaintiff's Complaint alleges that on November 1, 2021, while working as an employee of Defendant, he texted his supervisor, Ryan Eaves ("Eaves"), a White male, that the "trucks need washing." (Doc. 1 at 6). Eaves responded with a GIF of five monkeys washing a car with several young white people inside. (*Id*.). Plaintiff replied that he would "drop them all off at the shop to get wash[ed]." (*Id*.) Eaves responded, "Your monkeys or trucks". (*Id*.). Plaintiff indicated that the trucks would

be dropped off.  (*Id*.). Plaintiff then "realized that Eaves had been referring to Plaintiff and his predominantly Black crew as 'monkeys,'" and sent a text to Eaves which said "Your employees are monkeys uh[?]".  (*Id*.) (addition in Complaint). Eaves did not respond.  Eleven days later, on November 12, 2021, Eaves terminated Plaintiff's employment.  (*Id*. at 7).

On February 15, 2024, Defendant filed a Motion for Judgment on the Pleadings.  (Doc. 25).  Plaintiff has responded (Doc. 28) and Defendant has replied (Doc. 29).  Accordingly, the motion is ripe for adjudication.

**II.     Dismissal Standard**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss.  *Equal Empl. Opportunity Comm'n v. Austal USA, LLC*, 389 F. Supp. 3d 1015, 1018 (S.D. Ala. 2019) (citation omitted).  "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id*. quoting *Perez v. Wells Fargo*, 774 F.3d 1329,1335 (11th Cir. 2015).

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court should not assess "whether a plaintiff will ultimately prevail but" consider "whether the claimant is entitled to offer evidence to support the claims." *Twombly*, 550 U.S. at 583 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556. A court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Wein v. American Huts, Inc.*, 313 F.Supp.2d 1356, 1359 (S.D. Fla. 2004) (citing *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." *Bernard v. Calejo*, 17 F.Supp.2d 1311, 1314 (S.D. Fla. 1998) (citing *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993).

### III. Retaliation

Defendant asserts dismissal of Plaintiff's action is warranted because Plaintiff's Complaint fails to plead facts to sufficiently establish the first element of his retaliation claim. (Doc. 25, generally). More specifically, Defendant contends Plaintiff's "alleged 'opposition' activity was not a protected opposition activity under Title VII or § 1981 as a matter of law and, therefore, cannot support a retaliation claim. (Doc. 25 at 5). Conversely, Plaintiff contends that his text message response to Eaves falls within the activity protected by Title VII because it is clearly opposition to his supervisor's racially discriminatory messages. (Doc. 28, generally).

Title VII's anti-retaliation provision makes it "an unlawful employment practice for an employer to discriminate against any of [its] employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The first part of that provision is known as the "opposition clause" and the second part as the "participation clause." *See Gogel v. Kia Motors Mfg. of Ga. Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (en banc) (citing to *E.E.O.C. v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000). As such, in order to state a claim for retaliation under Title VII, Plaintiff must allege: (1) "she engaged in a statutorily protected activity"; (2) "she suffered a materially adverse employment action," and (3) "the adverse action was causally related to the protected activity." *Id. at 1134-35.* (citation omitted). The Supreme Court has held that the term "oppose" in the opposition clause takes its ordinary meaning: "to resist or antagonize ...; to contend against; to confront; resist; withstand." *Demers v. Adams Homes of N.W. Fla., Inc.*, 321 Fed. Appx. 847, 852 (11th Cir. 2009) (quoting *Crawford v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 555 U.S. 271 (2009)). "[T]o engage in protected activity, the employee must still, "at the very least, communicate her belief that discrimination is occurring to the employer," and cannot rely on the employer to "infer that discrimination has occurred." *Id*. (quoting *Webb v. R & B Holding Co., Inc.*, 992 F.Supp. 1382, 1390 (S.D.Fla.1998).

As an initial matter, the Court appreciates Defendant's contention that whether Plaintiff engaged in a protected opposition activity is an issue of law for the Court to decide. (Doc. 29 at 1-2). Nevertheless, the Court need not address Defendant's contention at this stage because

4

dismissal is not appropriate. Rather, the Court is satisfied that Plaintiff has pled sufficient facts to plausibly state that he engaged in a protected activity. More specifically, Plaintiff's Complaint sets forth that after he received a text message where Eaves referred to Plaintiff and his primarily Black crew as "monkeys" he – almost immediately – responded to his supervisor questioning his previous use of the term "monkey". (Doc. 1). These factual allegations distinguish this action from, for example, *Cochran v. S. Co.,* 2015 WL 3508018, at *2 (S.D. Ala. June 3, 2015), relied on by Defendant, wherein Judge Steele determined that the plaintiff's complaint only alleged that she opposed discrimination generally, without specification that the discrimination was based on a characterization protected by § 1981. Although the parties expend multiple pages discussing whether the wording of Plaintiff's alleged opposition[1] is sufficient to ultimately prove the first element of Plaintiff's claim, a Rule 12(b)(6) motion "merely tests the sufficiency of the complaint." *Wein*, 313 F.Supp.2d at 1359. Regardless of whether Plaintiff will ultimately be able to successfully prove his text message response to his supervisor was linked to race-based discrimination on the merits, his Complaint alleges such a connection. As such, the Court finds he should be permitted to conduct discovery and eventually offer evidence to support his claim. *See Twombly*, 550 U.S. at 583. (citation omitted). Accordingly, dismissal is not appropriate.

---

[1] The parties do not dispute the text message thread between Plaintiff and Eaves, but do dispute facts relating to previous instances of racial discrimination and the context surrounding the text message exchange. The Court will not weigh the merits of these facts at this stage. Additionally, the Court notes that Defendant has not provided any case law where a court dismissed a factually similar pleading at the Rule 12(b)(6) dismissal stage, rather than at summary judgment or later.

### IV.     Conclusion

For the reasons discussed above, Defendant's motion (Doc. 25) is **DENIED.**

**DONE and ORDERED** this 15th day of May, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE
